# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTIONETTE PANNELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-CV-116 CAS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant United States of America's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction. Plaintiff opposes the motion, which is fully briefed and ripe for review. For the following reasons, the Court will deny the government's motion to dismiss.

### *Background*

On January 14, 2015, plaintiff filed a four-page complaint against the United States for negligence under the Federal Tort Claims Act ("FTCA"). In her complaint, plaintiff alleges that she served active duty in the Army National Guard from 1987 through 1991, and from 1994 through 2012. As a veteran, plaintiff received medical care and treatment at the John Cochran Veterans Administration Medical Center ("VA Hospital"), which is located in St. Louis, Missouri. Plaintiff also alleges that in the fall of 2010, she underwent surgery performed by a doctor with the Department of Veteran Affairs ("VA") at Barnes-Jewish Hospital, and the VA doctor committed medical malpractice during that surgery. More specifically:

> 9. Prior to and on September 15, 2010, Plaintiff has been under the care and supervision of the defendant, by and through its agent an/or employee, for the condition of distal esophageal diverticular.

10. On September 15, 2010, plaintiff underwent a belsey fundoplication performed by Alexander S. Krupnick, M.D., an agent and employee of the United States of America, and was at the time of the surgery acting in an official capacity on behalf of the United States of America in providing medical treatment though the Department of Veterans Affairs a federal agency as defined in 28 U.S.C. § 2671.

. . .

12. While in the care as stated above, the defendant, by and through its agent and/or employee, was in violation of its duty to the plaintiff and negligently failed to observe and protect the vagus nerve system from injury during the dissection of the diverticula.

13. As a proximate result of the aforesaid stated negligent act and/or omissions of the Defendant, by and through its agent and/or employee, Plaintiff, Antionette Pannell, has suffered, is suffering, and will suffer severe and permanent disability, injuries, medical expenses, and loss of income.

Doc. 1 at 3-4.

According to the complaint, on September 13, 2012, plaintiff filed with the VA, a Claim for Damage, Injury or Death for injuries plaintiff alleges she sustained as a result of the surgery. The Department denied the claim based on, among other things, "that the FTCA applies to the acts of federal employees, not to the acts of those who are working on a contract with the government." Doc. 1, Ex. B at 1. Plaintiff requested reconsideration of the claim, which was denied. Therefore, it would appear that plaintiff has exhausted her administrative remedies.

The government filed an answer to plaintiff's complaint. In its answer, the United States denied that any government employee or agent provided plaintiff medical care at Barnes-Jewish Hospital on September 15, 2010. More specifically, "Defendant United States avers that Dr. Alexander S. Krupnick, M.D., was not acting in the course and scope of his employment with the Department of Veterans Affairs on September 15, 2010, when Plaintiff underwent surgery at Barnes-Jewish Hospital." Doc. 3 at 3. The government also avers as an affirmative defense that

"Plaintiff's alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agents or employees of Defendant for whom Defendant United States has any liability pursuant to the FTCA." Doc. 3 at 6.

Later in these proceedings, the government moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In its motion, which is presently before the Court, the government argues that the cause of action should be dismissed because it arises from the alleged negligence of an independent contractor, and not from the acts or omissions of any federal agency or its employee. In support of its motion, the government attached a number of exhibits, namely payroll records and other financial documents.

*Standard*

The purpose of a Federal Rule of Civil Procedure 12(b)(1) motion is to allow the Court to address the threshold question of jurisdiction. See Osborn v. United States, 918 F.2d 729, 729 (8th Cir.1990). A party challenging subject matter jurisdiction under Rule 12(b)(1) can either make a facial or factual challenge to the Court's jurisdiction. Id. at 729 n.6. When a defendant makes a facial challenge, the district court is to exam the complaint to determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. Id. On facial challenge, a district court should accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. Id. A factual attack, on the other hand, challenges the factual basis for subject matter jurisdiction, and the court may consider matters outside the pleadings. Id. What is more, on a factual challenge, the plaintiff is not entitled to the benefit of favorable inferences from the factual statements in the complaint. Id. Courts have also recognized that the jurisdictional issue and

3

substantive issues can be so intertwined that a full trial on the merits may be necessary to resolve the issue. Id. (quoting Crawford v. United States, 796 F.2d 924, 928 (7th Cir.1986)).

**Discussion**

In 1988 Congress amended the FTCA to provide that an action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment. See 28 U.S.C. § 2679(d)(1); see also Brown v. Armstrong, 949 F.2d 1007, 1013 (8th Cir. 1991). The government argues that this case should be dismissed pursuant to Fed. R. Civ. 12(b)(1) for lack of subject matter jurisdiction because Dr. Krupnick was acting as an independent contractor of the United States, rather than an employee of the United States, at the time of the surgery. Under the FTCA, the United States is not responsible for the torts of government contractors. 28 U.S.C. § 2671. The language of the FTCA explicitly excludes "any contractor with the United States." Id.

Courts have held, however, that the government "may exercise such pervasive control over the work done by the employees of an independent contractor as to transform those employees essentially into government employees for purposes of the FTCA." Kirchmann v. United States, 8 F.3d 1273, 1275 (8th Cir. 1993) (citing State of Maryland v. Manor Real Estate and Trust Co., 176 F.2d 414, 419 (4th Cir.1949)). The Supreme Court in United States v. Orleans held that for purposes of the FTCA, the power to control is "critical" in determining whether an individual should be treated as an employee of the United States. 425 U.S. 807, 814 (1976). According to the Supreme Court, the question is not a matter of federal funding or compliance with federal standards and regulations, "but whether [the individual's] day-to-day operations are supervised by the Federal Government." Id. at 814. The crucial question is the amount of control exercised by the government

4

over the physical performance of the individual. Logue v. United States, 412 U.S. 521, 528 (1973).

Here, the government admits Dr. Krupnick, the physician who performed plaintiff's surgery, was an employee of the VA, however, the government argues, he was "intermittent employee," and on the day of the surgery, he was an employee of Washington University School of Medicine. Therefore, the government argues, he was a contractor on the day in question, and the United States cannot be held liable for his actions under the FTCA. In support of this argument, the government submits Dr. Krupnick's payroll records showing that he was not paid by the VA the week of the surgery. It also submits payment records showing that the VA paid Washington University School of Medicine for physician services for plaintiff's surgery. All of the evidence the government offers in support of its argument that Dr. Krupnick was a contractor relates to funding and payment for services, which are not determinative. The government offers no evidence that sheds light on the critical issue – the VA's power to control Dr. Krupnick. The government states in its Memorandum in Support that the "the Department of Veterans Affairs did not supervise the day-to-day details and operations of Dr. Krupnick's work and/or surgical procedures performed at Washington University School of Medicine and/or Barnes-Jewish Hospital," Doc. 8 at 5, a point it reiterates in its Reply Memorandum. But the government offers no evidence in support of its assertion, such as the affidavit of Dr. Krupnick or his supervisor, if he had one.

In opposition to the motion to dismiss, plaintiff submitted her medical records showing that she was seen by Dr. Krupnick, a "Staff Physician, General Surgery I" at the VA Hospital, on August 16, 2010, for esophageal diverticulum. Doc. 9, Ex 1 at 3-4. It was noted in the VA medical records that "Pt seen and examined with Dr. Krupnick. Surgical repair of epiphrenic diverticulumn offered to patient and she agrees to proceed. Will fee base to Barnes." Id. at 6. Plaintiff also filed an

5

affidavit in opposition to the motion to dismiss in which she attests that she was referred to Dr. Krupnick by her then primary care physician, Dr. Angela Ryerson, a physician at the VA Hospital. Plaintiff states that she met Dr. Krupnick at the VA Hospital, and he was wearing a white medical coat and identification badge indicating he was a "VA doctor." Dr. Krupnick examined plaintiff and reviewed her medical records. She states that Dr. Krupnick indicated that "it would be best" to perform her surgery at Barnes-Jewish Hospital, not the VA Hospital. While not in plaintiff's affidavit, plaintiff's counsel stated in a letter to the VA that Dr. Krupnick performed the surgery at Barnes-Jewish Hospital because the surgical equipment was not available at the VA Hospital. Doc. 1, Ex. C. According to plaintiff, she was never led to believe that Dr. Krupnick was not a VA doctor, and nothing was said to her that would indicate control of her care was being transferred to Barnes-Jewish Hospital or Washington University.

Based on the record before it, the Court cannot determine at this time whether the VA exercised sufficient control over Dr. Krupnick, such that he would subject the United Sates to liability under the FTCA. The government raised the issue of jurisdiction, but it failed to provide any evidence addressing the salient issue. While it acknowledges that the critical factor in determining whether an individual is a contractor or employee under FTCA is the power to control, the government instead chose to focus on the issue of payment and funding, factors which the Supreme Court has stated are not determinative for purposes of the FTCA. <u>Orleans</u>, 425 U.S. at 814. There is scant to little evidence regarding the control the VA exercised over Dr. Krupnick's day-to-day activities. It is undisputed that Dr. Krupnick was at least an "intermittent" employee of the VA, and he saw plaintiff at the VA Hospital where she was a patient. Although the surgery was performed at Barnes-Jewish Hospital, did Dr. Krupnick have unfettered discretion in performing his duties, or

6

was he supervised by others at the VA Hospital? The relevant information to make this determination is not before the Court.

Furthermore, the cases defendant cites in support of its motion to dismiss are distinguishable from the facts of this case, at least in its current posture. Knudsen v. United States, 254 F.3d 747 (8th Cir. 2001) and Rutten v. United States, 299 F.3d 993, 995 (8th Cir. 2002) both involve claims of medical malpractice against medical providers who provided services for the federal government. In Knudsen, the plaintiff sued the Unites States for the alleged negligence of a psychologist with whom the VA had contracted. The outside psychologist was hired to treat veterans with post traumatic stress disorder. He was part of a program that was intentionally designed to be separate from the VA, because at the time veterans were distrustful of the VA. 254 F.3d at 750. According to the Eighth Circuit, the psychologist worked offsite, and he was not subject to the day-to-day control by the VA. Also, he was told not to maintain medical records for the VA's review. Id. Here, the Court has little to no information about the control the VA exercised over Dr. Krupnick. But Dr. Krupnick, unlike the psychologist in Knudsen, was not part of an outside program, and he met with plaintiff at the VA Hospital, although the surgery was performed elsewhere. He generated medical records that were retained by the VA, and according to plaintiff, he also identified himself as a VA doctor.

The case at bar is also distinguishable from Rutten. 299 F.3d 993. In Rutten the decedent, who was a federal employee, had an x-ray taken at a Military Enlistment Process Station that had a contract to read a limited number of x-rays for the Federal Occupational Health Service Facility. Id. at 995. A physician, who was an independent contractor for the Process Station, misread the x-ray, and the decedent's cancer went undiagnosed. In pursuing a claim under the FTCA, the plaintiffs

7

conceded that the physician was a contractor, but they argued that the physician's conduct was covered under the FTCA because he was performing "an official act" by virtue of the agreement between the Health Service Facility and the Process Station. Id. The Eighth Circuit rejected the plaintiffs's argument, finding that the plaintiffs' reasoning would swallow the contractor exception found in the FTCA. The plaintiffs did not argue, and there was no discussion in the case about the amount of control the government exercised over the doctor.

Here, plaintiff does not concede Dr. Krupnick was a contractor, and in fact, the government admits he was a VA employee, albeit "intermittent." Plaintiff does not contend Dr. Krupnick is an employee and subject to the FTCA because he was performing some sort of official act, but rather she asserts that Dr. Krupnick met with her at the VA hospital and held himself out to be a VA doctor. She argues her doctor was under the control of the VA. Unlike Rutten, the issue in this case is the amount of control the VA exercised over the doctor at the time of the surgery.

The United States raised the issue of Dr. Krupnick's status on a factual challenge under Rule 12(b)(1), however, it failed to offer evidence relevant to the critical issue – whether Dr. Krupnick was subject to the control of the VA with regard to plaintiff's medical treatment. Plaintiff offers some evidence relevant to control, but there is simply not enough information for the Court to evaluate whether the VA exercised sufficient control over Dr. Krupnick's performance to subject the United States to liability under the FTCA. Orleans, 425 U.S. at 814; Logue, 412 U.S. at 527, Knudsen, 254 F.3d at 750. The Court, therefore, will deny the government's motion, without prejudice. The parties should conduct discovery on the issue of control, after which the government may renew its motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant United States of America's motion to dismiss for lack of subject matter jurisdiction is **DENIED without prejudice.** [Doc. 7]

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of January, 2016.